(67 Misc. Rep. 549.)

### FRANZONE v. TUMMINELLI et al.

(City Court of New York, Trial Term. May 26, 1910.)

1. CONTEMPT (§ 10*)—FALSE STATEMENTS TO COURT—EFFECT.

A false statement by the attorney for defendant in supplementary proceedings in the City Court that he would deposit the amount of the judgment in the Municipal Court if granted an adjournment to enable him to apply for a vacation of the judgment, made to defeat and prejudice plaintiff's rights, though reprehensible, is not punishable as contempt, under Judiciary Law (Consol. Laws, c. 30) § 753, subd. 3, authorizing punishment for disobedience to a lawful mandate, unlawful interference with proceedings, and in other cases where contempt proceedings have been usually practiced, in a court of record to enforce civil remedy or to protect the rights of the parties.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 10.*

For other definitions, see Words and Phrases, vol. 2, pp. 1489–1492; vol. 8, p. 7614.]

2. CONTEMPT (§ 72*)—FALSE STATEMENT TO COURT.

Nor is the false statement punishable summarily as for a criminal contempt.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 72.*]

3. CONTEMPT (§ 52*)—CRIMINAL CONTEMPT—PROCEDURE TO PUNISH.

Under Judiciary Law (Consol. Laws, c. 30) §§ 750–755, a criminal contempt being committed in the presence and hearing of the court, the offender may be instantly apprehended and punished, without further examination or proof.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 140–142; Dec. Dig. § 52.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. CONTEMPT (§ 4\*)—"CIVIL CONTEMPT"—WHAT CONSTITUTES.**

    "Civil contempt" consists of matters arising in a proceeding and tending to impede or prejudice the rights and remedies of a party.

    [Ed. Note.—For other cases, see Contempt, Cent. Dig. § 4; Dec. Dig. § 4.\*

    For other definitions, see Words and Phrases, vol. 2, p. 1194.]

**5. CONTEMPT (§ 51\*)—CIVIL CONTEMPT—PROCEDURE TO PUNISH.**

    A civil contempt cannot be summarily punished until the offender has opportunity to be heard after notice served, so that he may explain his conduct and the court can determine whether he is guilty.

    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 140–142; Dec. Dig. § 51.\*]

**6. ATTORNEY AND CLIENT (§ 129\*)—MISCONDUCT·BY ATTORNEY—LIABILITY.**

    Under Code Civ. Proc. § 70, making an attorney liable in treble damages to one injured by his deceit or collusion, such misconduct must impede or prejudice the rights or remedies of the injured party and must be adjudicated in the proceeding.

    [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 129.\*]

Proceedings supplementary to execution by Andrew Franzone against Paolo Tumminelli and another. Plaintiff moves to punish defendants' attorney for contempt. Motion denied.

Michael O. Rini, for judgment creditor.

FINELITE, J. The plaintiff obtained an order directing the defendants' attorney to show cause why he should not be punished as for a contempt and fined the sum of $259.41, the amount of the judgment in this action. Said attorney duly appeared on the return day of said order to show cause and opposed the same.

It appears from the facts herein that the defendant Tumminelli was served with an order for his examination in proceedings supplementary to execution, which order was returnable on the 19th day of March, 1910, at 10 a. m., at the Special Term chambers of this court, at which time said defendant appeared personally, in company with an attorney, and was sworn. Before the examination of said defendant proceeded, said attorney stated to the court on behalf of the said defendant that he desired the taking of defendant's examination and the proceedings thereunder to stand adjourned until a future day, for the reason that he, the said attorney, would immediately apply for an order to show cause why this judgment obtained against the defendants by default in the Municipal Court should not be vacated and set aside, also stating to this court that he would deposit the amount of the judgment in cash with the clerk of the Municipal Court. Upon these statements, made by the attorney for the said defendant, an adjournment for the examination of the defendant was granted until the 25th day of March, 1910. No motion was made by said attorney, and on the adjourned day the said defendant's default was noted. However, some time thereafter the defendants' attorney did make a motion in the Municipal Court to open the default, and an order was made and entered thereon on the 26th day of April, 1910, that said judgment be vacated, and the defendants allowed to defend said action, on condition that the amount of said judgment be deposited with the clerk of said Municipal Court within two

days, of all of which condition said defendant and his attorney had notice. Notwithstanding this opportunity granted defendants to come in and defend, yet they and their attorney failed in all respects to comply with said order of the Municipal Court.

This motion is now made why said attorney should not be punished as for a contempt in making this false statement to this court that he would deposit the amount of said judgment with the clerk of the Municipal Court on condition of the granting of the adjournment of the examination of the defendant as aforesaid. There is no doubt in my mind that the statement made to this court by the defendants' attorney was false, and that at the time it was made by him he knew it was false, and that the adjournment of said defendant's examination was intended to defeat, impair, impede, or prejudice the rights and remedies of the plaintiff in this proceeding. The serious question to be decided here is: Has this court the power to punish the attorney for his misconduct herein and fine him the amount of the judgment?

By section 753 of the judiciary law (Consol. Laws, c. 30) it is provided as follows:

"A court of record has power to punish by fine and imprisonment, or either, a neglect of duty or other misconduct, by which a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded or prejudiced in either of the following cases: * * * (3) A party to the action or special proceeding, an attorney, counselor, or other person * * * for any other disobedience to a lawful mandate. (4) A person for assuming to be an attorney or counselor or other officer of the court, * * * and for any unlawful interference with the proceedings therein. (8) In any other case, where an attachment or any other proceeding to punish for a contempt has been usually adopted and practiced in a court of record to enforce a civil remedy of a party to an action or proceeding in that court, or to protect the rights of a party."

From the reading of the above can the plaintiff contend that the defendants' attorney can be punished under either one of the subdivisions, or under said section? There is quite a difference, wherein the relation of attorney and client exists, the court would have the power to punish an attorney for his misbehavior in his office of trust, or for a willful neglect or violation of his duty therein. People ex rel. White v. Feenaughty, 51 Misc. Rep. 468, 101 N. Y. Supp. 700, and cases cited.

Plaintiff's counsel further contends that by the false statement made by the attorney to the court he may be punished summarily as for a criminal contempt. The method of proceeding in the punishment of a criminal and civil contempt is decidedly different. The former, being committed in the presence and hearing of the court, the offender, may be instantly apprehended and punished, without any further examination or proof; for the court, having witnessed the offense personally, need no further explanation (Judiciary Law, §§ 750–755), since the explanation, if allowed to be made, would not relieve him from the effect of the criminal contempt, but might go toward an extenuation of the act, and might affect the judgment of the justice before whom it had been committed. On the other hand, in the civil contempt, which consists of matters arising in the proceeding, and which calculate to impede or prejudice the rights and remedies of a party in the proceeding, the court cannot summarily punish, until the party accused can have an opportunity to be heard after notice served, so to be heard in

his defense, in order that he may explain the circumstances or the reason why the facts occurred, and that the court can determine whether this was a contempt or not.

By section 70, Code Civ. Proc., an attorney or counselor who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or a party, forfeits to the party injured by his deceit or collusion treble damages. He is also guilty of a misdemeanor. Such alleged misconduct, of which the attorney is alleged to be guilty, must be in effect that the rights or remedies of the plaintiff to the proceeding were to defeat, impede, or prejudice, and must be made to appear and be adjudicated therein, and thereby may institute an action against him as provided in said last-mentioned section.

The conduct of defendants' attorney herein is reprehensible. It deserves the severest reprimand and censure, and should be condemned; but unfortunately the court has no jurisdiction to punish him in the premises, and therefore the motion is with reluctance denied by me.